```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

CARLA BATES, an individual,

               Plaintiff,

vs.                              Case No. 2:08-cv-320-FtM-29DNF

ANTHONY MILANO and CONCETTA MILANO, husband and wife, and ANTHONY GIZZI REAL ESTATE APPRAISALS, INC., a Florida corporation, and BRIAN FIRESTONE, an individual,

               Defendants.

_____

## **OPINION AND ORDER**

This matter comes before the Court on defendants Anthony Gizzi Real Estate Appraisals, Inc. and Brian Firestone's Motion to Dismiss the Second Amended Complaint With Prejudice (Doc. #36). This motion seeks to dismiss Counts III, IV, V, VII, and VIII of the Second Amended Complaint (Doc. #35). Plaintiff filed a Response and Memorandum in Opposition (Doc. #37).

Also before the Court is Defendants Anthony Milano and Concetta Milano's Motion to Dismiss the Second Amended Complaint (Doc. #46). Plaintiff filed a Response and Memorandum in Opposition (Doc. #50). These parties have stipulated to the dismissal of Count I of the Second Amended Complaint (Doc. #39), but disagree as to the remaining counts.

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded factual allegations in a complaint as true

and take them in the light most favorable to plaintiff. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007); <u>Christopher v. Harbury</u>, 536 U.S. 403, 406 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." <u>James River Ins. Co. v. Ground Down Eng'g, Inc.</u>, 540 F.3d 1270, 1274 (11th Cir. 2008) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555-56 (2007)). The former rule--that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," <u>La Grasta v. First Union Sec., Inc.</u>, 358 F.3d 840, 845 (11th Cir. 2004)--has been retired by <u>Twombly</u>. <u>James River Ins. Co.</u>, 540 F.3d at 1274. Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Ashcroft v. Iqbal</u>, No. 07-1015, __ S. Ct. ___, 2009 WL 1361536, at *2 (May 18, 2009). Fraud claims must also satisfy the heightened pleading requirements of Fᴇᴅ. R. Cɪᴠ. P. 9(b). The Court concludes that the Second Amended Complaint satisfies these standards. Therefore, the motions to dismiss will be denied, except as to Count I pursuant to the stipulation of the parties.

Accordingly, it is now

**ORDERED:**

1. Defendants Anthony Gizzi Real Estate Appraisals, Inc. and Brian Frestone's Motion to Dismiss the Second Amended Complaint With Prejudice (Doc. #36) is **DENIED**.

2. Defendants Anthony Milano and Concetta Milano's Motion to Dismiss the Second Amended Complaint (Doc. #46) is **GRANTED** to the extent that the parties have stipulated to the dismissal of Count I of the Second Amended Complaint, and is otherwise **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __9th__ day of June, 2009.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record